CROWELL & MORING LLP
Joanna M. Fuller (SBN 266406)
JFuller@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

*Attorneys for Plaintiff*
PAX Labs Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| PAX LABS INC., | Case No. [_____] |
|---|---|
| Plaintiff, | |
| v. | COMPLAINT FOR PATENT INFRINGEMENT |
| STIIIZY IP LLC f/k/a STIIIZY, LLC, and STIIIZY INC. d/b/a SHRYNE GROUP INC. | DEMAND FOR JURY TRIAL |
| Defendants. | |

.

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PAX Labs Inc. ("PAX Labs" or "Plaintiff"), by and through undersigned counsel, respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Tile 35 United States Code, §§ 271 and 281, *et seq.* against STIIIZY IP LLC f/k/a STIIIZY, LLC. (herein "STIIIZY LLC") and STIIIZY Inc. d/b/a Shryne Group Inc. (herein "STIIIZY INC," together with STIIIZY LLC, "Defendants"), for infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff for U.S. Patent Nos. 11,369,756 (the "'756 Patent"); 11,369,757 (the "'757 Patent"); 11,766,527 (the "'527 Patent"); 11,759,580 (the "'580 Patent" together with the '756 Patent, '757 Patent, and '527 Patent, collectively the "Patents-in-Suit") which are attached hereto as Exhibit A, respectively, and incorporated herein by reference, and pursuant to 35 U.S.C. § 271, to recover damages, attorneys' fees and costs.

## PARTIES

2. Plaintiff PAX Labs Inc. is a company organized under the laws of the State of Delaware having its principal place of business at 660 Alabama St., Second Floor, San Francisco, CA 94110.

3. Upon information and belief, STIIIZY, LLC is a California state limited liability company with its principal place of business located at 728 East Commercial Street, Los Angeles, CA 90012. Upon information and belief, in March 2023, STIIIZY, LLC changed its company name to STIIIZY IP LLC.

4. Upon information and belief, Shryne Group Inc. was a California state company with its principal place of business located at 2001 South Alameda Street, Los Angeles, CA 90058. Upon information and belief, STIIIZY Inc. was a subsidiary of Shryne Group Inc. and incorporated in the State of Delaware. Upon information and belief, in March 2023, Shryne Group Inc. was merged into

STIIIZY Inc. with the name of the surviving company being "STIIIZY Inc." Upon information and belief, the surviving STIIIZY Inc. is a Delaware state company with a principal place of business located at 2001 South Alameda Street, Los Angeles, CA 90058. Upon information and belief, STIIIZY Inc. is the parent company of STIIIZY IP LLC.

5. Upon information and belief, Defendants have conducted and continue to conduct business in this judicial district, such as marketing and sales to the customers located in this district.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendants by their systematic and continuous business and acts of patent infringement and/or having induced acts of patent infringement by others in this district and/or having contributed to patent infringement by others in this district, the State of California and elsewhere in the United States. This Court further has personal jurisdiction over the STIIIZY and Shryne Defendants by these Defendants residing in this district.

9. Defendants are subject to this Court's specific and general jurisdiction pursuant to their substantial business in this forum, including (i) at least part of their past infringing activities alleged herein; (ii) regularly doing or soliciting business; and (iii) driving substantial revenue from goods and services provided to customers in this district. The STIIIZY and Shryne Defendants are further subject to this Court's specific and general jurisdiction pursuant to their being incorporated in this district.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(c) through Defendants' acts of infringement in this district. Venue is proper in this district further for the STIIIZY and Shryne Defendants' regular and established place of business and headquarters in this district.

## THE PATENTS-IN-SUIT

### A. *The '756 Patent*

9. On June 28, 2022, the USPTO duly and legally issued U.S. Patent No. 11,369,756 (the "'756 Patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE" after a full and fair examination. The '756 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10. The '756 Patent has 17 claims, including three independent claims 1, 5, and 11, and 14 dependent claims 2-4, 6-10, and 12-17. Plaintiff is asserting claims 1-3, 5-13, and 15-17 against Defendants, whose products infringe these claims literally or under the doctrine of equivalents.

### B. *The '757 Patent*

11. On June 28, 2022, the USPTO duly and legally issued U.S. Patent No. 11,369,757 (the "'757 Patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE" after a full and fair examination. The '757 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

12. The '757 Patent has 20 claims, including three independent claims (1, 9, and 15), and 17 dependent claims (2-8, 10-14, and 16-20). Plaintiff is asserting claims 1-20 against Defendants, each of whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

### C. *The '527 Patent*

13. On September 26, 2023, the USPTO duly and legally issued U.S. Patent No. 11,766,527 (the "'527 Patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE" after a full and fair examination. The '527 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

14. The '527 Patent has 30 claims, including six independent claims (1, 5, 11, 18, 23, and 26), and 24 dependent claims (2-4, 6-10, 12-17, 19-22, 24-25, and 27-30). Plaintiff is asserting claims 1-30 against Defendants, each of whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

**D. *The '580 Patent***

15. On September 19, 2023, the USPTO duly and legally issued U.S. Patent No. 11,759,580 (the "'580 Patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE" after a full and fair examination. The '580 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

16. The '580 Patent has 20 claims, including six independent claims (1, 6, 8, 11, 16, and 18), and 14 dependent claims (2-5, 7, 9-10, 12-15, 17, and 19-20). Plaintiff is asserting claims 1-20 against Defendants, each of whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

17. Plaintiff is the sole and exclusive owner of all right, title and interest in the '756, '757, '527, and '580 Patents and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement action, recovering all damages for past, present, and future infringement of the Patents-in-Suit and seeking injunctive relief as appropriate under the law.

**DEFENDANTS' PRODUCTS**

22. During the enforceability period of the Patents-in-Suit, Defendants have offered and continue to offer for sale vaporizing devices capable of vaporizing oils, including vaporizing cartridges and downstream products such as vaporizers that contain a vaporizing cartridge. A vaporizer (also often referred to as a "vaping product," "vaping device," or "vape pen"), as defined for this Complaint,

is a convenient and portable device configured for medical and/or adult use of vaporizable materials including plant-derived oil extracts with high viscosity.

23.  As illustrated in Figure 1, a vaporizer generally includes two components: (i) a vaporizer cartridge (also referred to as a "vaporizing cartridge," "vaping cartridge," "pod," or "cartridge") that can be filled with vaporizable oils and (ii) a vaporizer body (also referred to as a "battery," "vaporizer battery," or "battery device") that can control the atomization of the vaporizable oils in the vaporizer cartridge. As illustrated in Figure 2, the vaporizer cartridge may include a mouthpiece, a reservoir, and a heater chamber (also referred to as a "vaporization chamber") including an atomizer. As illustrated in Figure 3, the vaporizer body may include a cartridge receiver receiving the vaporizer cartridge and a sensor (not shown) used to detect a draw on the mouthpiece.

Figure 1: Illustration of vaporizer, vaporizer cartridge, and vaporizer body



Figure 2: Illustration of mouthpiece, reservoir, and heater chamber



Figure 3: Illustration of cartridge receiver

24. Upon information and belief, Defendants' Accused Products include at least STIIIZY 1 Gram Vaporizer Cartridge, STIIIZY 0.5 Gram Vaporizer Cartridge, STIIIZY (Original) Vaporizer with STIIIZY 0.5 Gram Vaporizer Cartridge, STIIIZY (Original) Vaporizer with STIIIZY 1 Gram Vaporizer Cartridge, STIIIZY BIIIG Vaporizer with 0.5 Gram Vaporizer Cartridge, STIIIZY BIIIG Vaporizer with 1 Gram Vaporizer Cartridge, STIIIZY LIIIL Vaporizer, and components thereof.

25. The Accused Products are sold in this district by or on behalf of Defendants. A non-limiting set of claim charts comparing exemplars of Accused Products to claims 1-3, 5-13, and 15-17 of the '756 Patent; claims 1-20 of the '757 Patent; claims 1-30 of the '527 Patent; and claims 1-20 of the '580 Patent is attached hereto as Exhibit B, which also includes snapshots of STIIIZY LLC's website, www.stiiizy.com, listing and offering to sell STIIIZY Accused Products, and is incorporated herein as if fully rewritten. If any additional infringing products are identified by Plaintiff during this case, Plaintiff will amend the listing of Accused Products accordingly. This case and any remedy should extend to all of Defendants' infringing products.

## COUNT I: INFRINGEMENT OF THE '756 PATENT

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Plaintiff has not licensed or otherwise authorized Defendants to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '756 Patent.

28. Defendants have had knowledge of infringement of the '756 Patent at least as of their receipt of a parallel ITC Complaint dated January 29, 2024 involving the same asserted patents.

29. As shown in Exhibit B, Defendants have infringed and continue to knowingly and intentionally directly infringe the '756 Patent, including at least claims 1-3, 5-13, and 15-17, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271(a), by making, testing, using, offering for sale, selling and having sold, and/or importing or having imported into the United States, including within this judicial district, products that satisfy each and every limitation of one or more claims of the '756 Patent.

30. Defendants have induced and continue to induce infringement of the '756 Patent by actively and knowingly inducing others, including customers and

end-users, to directly infringe, literally or under the doctrine of equivalents, by making, testing, using, offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '756 Patent, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and instruction on using the Accused Products in an infringing manner evidenced at least by the instructions and information contained in Defendants' product guides and instructional materials. *See, e.g.,* Exhibit B at 233 and 237 (STIIIZY's user manual recites "[i]nsert STIIIZY pod (Sold Separately) into the battery device prior to use"). Defendants further induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '756 Patent, but remaining willfully blind to the infringement.

31.  Defendants have contributed and continue to contribute to the infringement of the '756 Patent by others, including customers and end-users, by offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '756 Patent, including the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery are specially made or adapted to practice the invention claimed in at least claims 5-7 of the '756 Patent. The accused infringing components in the Accused Products have no substantial use other than practicing the invention

claimed in at least claims 5-7 of the '756 Patent. The accused infringing components in the Accused Products constitute a material part of the claimed invention recited in at least claims 5-7 of the '756 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. As a result of Defendants' infringement of the '756 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

33. Plaintiff's Exhibit B is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed by the claim charts that it provides with this Complaint.

## COUNT II: INFRINGEMENT OF THE '757 PATENT

34. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. Plaintiff has not licensed or otherwise authorized Defendants to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '757 Patent.

36. Defendants have had knowledge of infringement of the '757 Patent at least as of their receipt of a parallel ITC Complaint dated January 29, 2024 involving the same asserted patents.

37. As shown in Exhibit B, Defendants have infringed and continue to knowingly and intentionally directly infringe the '757 Patent, including claims 1-20, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling and having sold, and/or importing and having imported into the United States, including within this judicial district, products that satisfy each and every limitation of one or more claims of the '757 Patent.

38. Defendants have induced and continue to induce infringement of the '757 Patent by actively and knowingly inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, testing, using, offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '757 Patent, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and instruction on using the Accused Products in an infringing manner evidenced at least by the instructions and information contained in Defendants' product guides and instructional materials. *See, e.g.,* Exhibit B at 15 and 19 (STIIIZY's user manual recites "[i]nsert STIIIZY pod (Sold Separately) into the battery device prior to use"). Defendants further induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '757 Patent, but remaining willfully blind to the infringement.

39. Defendants have contributed and continue to contribute to the infringement of the '757 Patent by others, including customers and end-users, by offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '757 Patent, including the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery are specially made or adapted to practice the invention claimed

in at least claims 9-11 and 15-20 of the '757 Patent. The accused infringing components in the Accused Products have no substantial use other than practicing the invention claimed in at least claims 9-11 and 15-20 of the '757 Patent. The accused infringing components in the Accused Products constitute a material part of the claimed invention recited in at least claims 9-11 and 15-20 of the '757 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. As a result of Defendants' infringement of the '757 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

41. Plaintiff's Exhibit B is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed in the claim charts that it provides with this Complaint.

### COUNT III: INFRINGEMENT OF THE '527 PATENT

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein

43. Plaintiff has not licensed or otherwise authorized Defendants to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '527 Patent.

44. Defendants have had knowledge of infringement of the '527 Patent at least as of their receipt of a parallel ITC Complaint dated January 29, 2024 involving the same asserted patents.

45. As shown in Exhibit B, Defendants have infringed and continue to knowingly and intentionally directly infringe the '527 Patent, including claims 1-30, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271(a), by making, testing, using, offering for sale, selling and

having sold, and/or importing and having imported into the United States, including within this judicial district, products that satisfy each and every limitation of one or more claims of the '527 Patent.

46. Defendants have induced and continue to induce infringement of the '527 Patent by actively and knowingly inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, testing, using, offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '527 Patent, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and instruction on using the Accused Products in an infringing manner evidenced at least by the instructions and information contained in Defendants' product guides and instructional materials. *See, e.g.,* Exhibit B at 15 and 19 (STIIIZY's user manual recites "[i]nsert STIIIZY pod (Sold Separately) into the battery device prior to use"). Defendants further induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '527 Patent, but remaining willfully blind to the infringement.

47. Defendants have contributed and continue to contribute to the infringement of the '527 Patent by others, including customers and end-users, by offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '527 Patent, including the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce

suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery are specially made or adapted to practice the invention claimed in at least claims 5-7, 11-17, 23-25, and 26-30 of the '527 Patent. The accused infringing components in the Accused Products have no substantial use other than practicing the invention claimed in at least claims 5-7, 11-17, 23-25, and 26-30 of the '527 Patent. The accused infringing components in the Accused Products constitute a material part of the claimed invention recited in at least claims 5-7, 11-17, 23-25, and 26-30 of the '527 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

48. As a result of Defendants' infringement of the '527 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

49. Plaintiff's Exhibit B is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed by the claim charts that it provides with this Complaint.

### COUNT IV: INFRINGEMENT OF THE '580 PATENT

50. Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51. Plaintiff has not licensed or otherwise authorized Defendants to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '580 Patent.

52. Defendants have had knowledge of infringement of the '580 Patent at least as of their receipt of a parallel ITC Complaint dated January 29, 2024 involving the same asserted patents.

53. As shown in Exhibit B, Defendants have infringed and continue to knowingly and intentionally directly infringe the '580 Patent, including claims 1-20, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271(a), by making, testing, using, offering for sale, selling and having sold, and/or importing and having imported into the United States, including within this judicial district, products that satisfy each and every limitation of one or more claims of the '580 Patent.

54. Defendants have induced and continue to induce infringement of the '580 Patent by actively and knowingly inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, testing, using, offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '580 Patent, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and instruction on using the Accused Products in an infringing manner evidenced at least by the instructions and information contained in Defendants' product guides and instructional materials. *See, e.g.,* Exhibit B at 15 and 19 (STIIIZY's user manual recites "[i]nsert STIIIZY pod (Sold Separately) into the battery device prior to use"). Defendants further induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '580 Patent, but remaining willfully blind to the infringement.

55. Defendants have contributed and continue to contribute to the infringement of the '580 Patent by others, including customers and end-users, by offering for sale, selling or having sold in the United States, and/or importing or having imported into the United States, including within this judicial district, products that include infringing technology protected by the '580 Patent, including

the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the exemplary STIIIZY (Original) Vaporizer Battery and STIIIZY BIIIG Vaporizer Battery are specially made or adapted to practice the invention claimed in at least claims 6, 8-10, 16, and 18-20 of the '580 Patent. The accused infringing components in the Accused Products have no substantial use other than practicing the invention claimed in at least claims 6, 8-10, 16, and 18-20 of the '580 Patent. The accused infringing components in the Accused Products constitute a material part of the claimed invention recited in at least claims 6, 8-10, 16, and 18-20 of the '580 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

56. As a result of Defendants' infringement of the '580 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

57. Plaintiff's Exhibit B is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed by the claim charts that it provides with this Complaint, where "Accused Products" are identified by way of example in those charts, and the Patents-in-Suit are asserted against all products as set forth in the claim charts, where all rights are reserved to accuse Defendants' other infringing products under the patent(s) that cover each.

## DEMAND FOR JURY TRIAL

58. Plaintiff demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendants be adjudged to have infringed one or more of the claims of the '756 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

b. That Defendants be adjudged to have infringed one or more of the claims of the '757 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

c. That Defendants be adjudged to have infringed one or more of the claims of the '527 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

d. That Defendants be adjudged to have infringed one or more of the claims of the '580 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

e. An accounting of all infringing sales and damages including, without limitation, those sales and damages not presented at trial;

f. An award of all damages to which PAX Labs is entitled under 35 U.S.C. §§ 284 and/or 289 for all past and continuing infringement, including without limitation, at least reasonable royalties;

g. An award of enhanced damages in accordance with 35 U.S.C. § 284 as a result of Defendants' knowing and willful infringement;

h. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of Plaintiff's attorneys' fees incurred in connection with this case;

i. An assessment of pre-judgment and post-judgment interest and costs against Defendants and an award of such interest and costs in accordance with 35 U.S.C. § 284; and

j. The Plaintiff be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: January 29, 2024

CROWELL & MORING LLP

*/s/   Joanna M. Fuller*
Joanna M. Fuller (SBN 266406)
JFuller@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

*Attorneys for Plaintiff
PAX Labs Inc.*